FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Panama City Division

MARZELLE JEFFERSON
(Enter above the full name of the plaintiff in this action.)

CIVIL ACTION

NO. 5:00cv71/RH/mD

versus

SECTION _____

HARRY K. SINGLTARY

MASTER LOCK COMPANY

CHARLOTTE REGIONAL MEDICAL CTR.
(Enter above the full name of the defendant or defendants in this action.)

COMPLAINT

I.   Previous Lawsuits

    A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
         Yes (x)  No ( )

*'00 MAR 31 PH 1:30*

FILED

/

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to the previous lawsuit

   Plaintiffs  ARTHUR CLARKE / MARZELLE JEFFERSON

   Defendants  HARRY K. SINGLTARY

2. Court (If federal court, name of the district court; If state court, name the parish.)
   NORTHERN DISTRICT OF FLORIDA (Panama City)

3. Docket Number  5:99-CV-16

4. Name of judge to whom case was assigned
   Judge Maurice M. Paul

5. Disposition (For example: Was this case dismissed? Was it appealed? Is it still pending?)
   case dismissed

6. Approximate date of filing lawsuit  1/15/99

7. Approximate date of disposition  4/30/99

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, which have been dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted by any federal court?
Yes ( )  No (X)

If your answer is yes, list the civil action numbers and the disposition of each case. You also must identify in which federal district or appellate court the action was brought.

_____

_____

_____

II. Place of Present Confinement:  USP-BEAUMONT, BEAUMONT, TX

A. Is there a prisoner grievance procedure in this institution?
Yes (X)  No ( )

2

B. Did you present the facts relating to this complaint in the prisoner grievance procedure? Yes (x) No ( )

C. If your answer is YES,

1. Attach a copy of all administrative complaints you have filed regarding the claims raised in this lawsuit and copies of all prison responses. If copies are not available, list the number assigned to the complaint(s) and approximate date it was presented to the prison. _____

2. As to each grievance compliant provided or listed above, have you exhausted or completed all steps in the procedure, including appeals?

   YES

D. If your answer is NO, explain why you have not done so: _____

## III. Parties

(In Item A below, place your name in the first blank, your present address in the second blank and your date of birth in the third blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff __MARZELLE JEFFERSON #04758-003__

   Address __P.O. Box 26030 - USP, BEAUMONT, TX. 77720-6030__

   Date of Birth __AUGUST 29, 1950__

   Prisoner Number __#04758-003__

   Date of Arrest __May 29, 1992__

   Date of Conviction __Feb. 10, 1994__

(In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.)

B. Defendant __HARRY K. SINGLTARY__ is employed as __Secretary__
   __Florida Dept. Of Corrections__ at __Tal., Fla.__

C. Additional Defendants __MASTER LOCK COMPANY, MILLWAUKEE, WI__
   See attachment (A) for additional defendants

3

IV. Statement of Claim

(State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

See Attachment of Claims (1-2),   pages

See also Statement of Facts (5 pages)

V. Relief

(<u>State briefly exactly what you want the court to do for you.</u> Make no legal arguments. Cite no cases or statutes.)

Wherefore, Plaintiff request this Honorable Court grant the following relief: (A) Issue a declaratory judgment against Defendant. ~~(B) Issue an injuction, order defendant to cease selling Master combination/key locks, and replace said lock~~ing device. (C) Grant compensatory damages in the amount of One-hundred million dollars. (D) Grant Punitive damages against the defendant. ~~(E) Grant such other relief as may appear Plaintiff is entittled.~~ (F) Each defendant is being sued in their official and individual capacities.

4

VI. Plaintiff's Declaration

1) I declare under penalty of perjury that all facts represented in this complaint and any attachments hereto are true and correct.

2) I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

3) I understand that I am prohibited from bringing a civil action in forma pauperis if I have brought three or more civil actions in a court of the United States while incarcerated or detained in any facility that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

4) I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire $150 filing fee and any costs assessed by the Court, which shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

Signed this __24__ day of _____December_____, 19_99_.

_Marzelle Jefferson_
(Signature of Plaintiff)

9/97

Attachment (A)

ADDITIONAL DEFENDANTS:

- D.  CHARLOTTE REGIONAL MEDICAL CENTER
      PONTA GORDA, FLA.

- E.  DR. MARKS , HEALTH-CARE ADMIN, FLORIDA DEPT. OF CORRECTIONS
      CHARLOTTE C.I.

- F.  DR. H. LOEB, PHYSICIAN, FLA. DEPT. OF CORR.-CHARLOTTE C.I.

- G.  DR. B.A. PIMENTEL, PSYCHIATRIST, FLA. DEPT. OF CORR.
      CHARLOTTE C.I.

- H.  F.K. COCHRAN, RNS, FLA. DEPT. OF CORR. CHARLOTTE C.I.

- I.  K. BATTAGLIA SLPN, FLA. DEPT. OF CORR. CHARLOTTE C.I.

- J.  C. HLUCHANIUK, SRN, FLA. DEPT. OF CORR. CHARLOTTE C.I.

- K.  DR. MARC MELSSER, CHARLOTTE REGIONAL MEDICAL CENTER
      PONTA GORDA, FLA.

SGT MARZ

# INMATE REQUEST

**STATE OF FLORIDA**
Department of Corrections
(Instructions on Back)

Mail Number: 740
Team Number: 06

TO: (Check One)
- ☐ Superintendent
- ☐ Asst. Superintendent
- ☐ Classification
- ☐ Security
- ☐ Medical
- ☐ Dental
- ☒ Other: BUSINESS OFFICE MGR/CANTEEN MGR

FROM:
- Inmate Name: ARTHUR CLARKE
- D.C. Number: 122837
- Quarters: J-2 124-L
- Job Assignment: HOUSEMAN
- Date: 11-4-98

## REQUEST

INFORMAL GRIEVANCE:

I ask that you cease all sales of the master combination lock/master key lock, and replace this item with a lock of lesser weight.

These locks are dangerous weapons when placed in a sock, or tied to the end of a belt.

Thank you for any consideration concerning this matter.

Arthur Clarke
#122837

All requests will be handled in one of the following ways: 1) Written information or 2) Personal interview. All informal grievances will be responded to in writing.

_____DO NOT WRITE BELOW THIS LINE_____

## RESPONSE

GRIEVANCE DENIED.

Regional Office has the ability to discontinue merchandise. No other form of locking device is offered on contract for resale in the Inmate Welfare Canteen. In the event that you feel your Informal Grievance has not been satisfactorily resolved, A Formal Grievance may be submitted using a Request for Administrative Remedy (DC1-303) to the office of the Assistant Superintendent.

Official (Signature): [signature]
Date: 11/9/98

Distribution: WHITE........Returned to Inmate
CANARY........Returned to Inmate
PINK........Retained by Official Responding or, if the response is to an informal grievance then forward to be placed in inmate's file.

DC3-005 (8-89)

# STATE OF FLORIDA
# DEPARTMENT OF CORRECTIONS
## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Superintendent   ☒ Assistant Superintendent   ☐ Secretary, Florida Department of Corrections

FROM: CLARKE, ARTHUR                    122837        Tomoka C. I.
Last Name, First, Middle Initial         Number        Institution

---

### PART A - INMATE GRIEVANCE

The continued sale of master combination locks/master key locks, and their possession in the hands of the inmate population is a dangerous threat.

These locks are dangerous weapons, and should be replaced.

Thank you for any consideration concerning this matter.

---

11-12-98                                    Arthur Clarke #122837
Date                                        Signature of Grievant and D.C.#

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___/___
                                                                     #    Signature

---

### PART B - RESPONSE

Your complaint was properly responded to on 11/4/98 in your informal grievance. Your grievance is denied.

If you feel your grievance has not been satisfactorily resolved, an appeal may be submitted using a Request for Administrative Remedy or Appeal (DC1-303) to the Office of the Secretary, Florida Department of Corrections, 2601 Blairstone Road, Tallahassee, Florida 32399-2500. A copy of the original grievance and response must be attached to the form, as well as a copy of the Request for Interview (DC3-005) if you filed an informal grievance.

                          Raul S. Banasco                         11/30/98
Signature and Typed or    Signature of Superintendent,            Date
Printed Name              Assistant Superintendent, or
of Employee Responding    Secretary's Representative    Response Mailed: 11-30-98

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.

**MAILED / FILED**
WITH AGENCY CLERK
**DEC 3 0 1998**
Department of Corrections
Bureau of Inmate Grievance Appeals

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

**RECEIVED**
**DEC 0 8 1998**
Department of Corrections
Inmate Grievances

TO:  ☐ Superintendent    ☐ Assistant Superintendent    ☒ Secretary, Florida Department of Corrections

FROM: CLARKE, ARTHUR        122837        Tomoka C.I.
Last Name, First, Middle Initial    Number    Institution

98-634704

## PART A – INMATE GRIEVANCE

My complaint remains the same. These locks are dangerous, and should be replaced.

12-2-98
Date

Arthur Clarke #122837
Signature of Grievant and D.C.#

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___∅___ / _____
                                                                              #         Signature

## PART B – RESPONSE

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your concerns are noted.

Your administrative appeal is denied.

J. Greene
Signature and Typed or
Printed Name
of Employee Responding

[Signature]
Signature of Superintendent,
Assistant Superintendent, or
Secretary's Representative

12/21/98
Date

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.

........................   TEAR ON PERFORATION   ...............

ATTACHMENT OF CLAIMS

FIRST CAUSE OF ACTION

Harry K. Singletary, defendant

The action of the Defendant denied Plaintiff constitutional rights to be protected from physical assault from other inmates, in violation of the Eight Amendment when:

> A.  The Defendants conduct foreseeably created a ZONE OF RISK that poses a general threat of harm to the Plaintiff by systematic deficiencies in staffing facilities or procedures that make suffering inevitable.

SECOND CAUSE OF ACTION

Harry K. Singletary, defendant
Master Lock Company, defendant

The action of the Defendant denied Plaintiff constitutional rights to be protected from physical assault from other inmates, in violation of the Eight Amendment when:

> A.  The Defendant fail to control items that can and were used as weapons(master combination and key locks).

THIRD CAUSE OF ACTION

Harry K. Singletary, defendant

The action of the Defendant denied Plaintiff constitutional rights to be protected from physical assault from other inmates, in violation of the Eight Amendment when:

    A.    The Defendant knew of the danger or where the threat of violence is so substanial or pervasives that his knowledge could be inferred, and yet Defendant fail to enforce a policy or take other reasonable steps which may have prevented the harm.

## FOURTH CAUSE OF ACTION

DEFENDANT('S) Battaglia-SLPN, Hluchaniuk-SRN
Harry K. Singletary, Master Lock Co., Charlotte Reg. Med. Ctr., Dr. Marks, Dr. Loeb, Dr. Pimentel, Dr. Melsser, Cochran, RNS

Plaintiff alleges that Defendant violated State Law and regulations of the Florida Department Of Corrections with respect to policy directives when:

    A.    Defendant was duty bound under the Constitution, Florida State Law, and Florida Department of Corrections regulations and policy directives, to provide reasonable protection to the Plaintiff.

    B.    Defendant breached that duty which resulted in injury to the Plaintiff proximately caused by such failure.

    C.    Defendants failed to provide health care properly and timly. Such care provided fell below all medical standards of treating the condition of which is PRIAPISM, as they were deliberately indifferent to established methods of treatment. Violating State and Federal laws of treatment and protection guaranteed the Plaintiff.

## STATEMENT OF FACTS

Harry K. Singletary,(Defendant), Secretary of the Department of Corrections. Defendant has the legal duty to provide the Plaintiff with housing, clothing, food, dental, health care, and reasonable protection.

Marzelle Jefferson (aka-Arthur Clarke #122837), was in the custody of the Florida Department of Corrections from March 14, 1994-thur-Jan. 15,1999.

On July 17, 1996, Plaintiff was being housed at Calhoun C.I. N-dorm, bed# 32. Around 11:40 a.m., Plaintiff, attacked and assaulted while sleep, by another inmate.

Defendant breach of duty in his failure to provide security conformed to DOC policies and directives. His practice of one officer providing security for two dorms was deliberate systematic deficiencies in staffing. DOC, requires not less then two.

On July 17, 1996, there was only one officer as always in the officer's station providing security for two seperate dorms of over 75 inmates each. Proper security arrived afterwards.

By the Defendants breach of duty, failure to provide reasonable security and protection for Plaintiff. The Defendants conduct forseeably created a ZONE OF RISK that posed a general threat of harm to others, as it did the Plaintiff.

The Defendant had full knowledge of this practice(one officer providing security for two dorms) throughout the Florida Department of Corrections.

The Defendant knew of the dangers or where the threat of violence is so substantial or pervasive that his knowledge could be inferred, and yet Defendant fail to enforce a policy, or take other reasonable steps which may have prevented the harm.

The attack and assault on the Plaintiff (7-17-96), was the result of a MASTER COMBINATION LOCK in a sock. This being the more accessible weapon of choice by the inmates.

This weapon (master combination lock) can be purchased at any institutional canteen, on any given day. When placed in a sock, or tied to the end of a belt, this weapon becomes a deadly object, which inflicted personal injury upon the Plaintiff extensively.

The Defendant implemented policy directives for the removal of dangerous and hazardous materials out of prison population, collected them as contraband, and stop selling them on the prison store.

The Defendant removed baby oil, chewing gum, shoe polish, and certain types of dental floss, claiming they were unsafe, dangerous, and hazardous in the inmate population.

The Defendant fail to control the attacks and assaults by this weapon (master combination lock).

The Defendant fail to remove this weapon (master combination lock) from the prison population.

The Defendant failed and refused to stop the sale of this known used weapon (master combination lock) . Knowing that it has been the weapon used in countless attacks and assaults upon

inmates, inflicting such brutal and physical trama, pain, and suffering.

Yet, none of the afore mentioned items removed from the prison population, or ceased to be sold on the canteen, has ever inflicted any bodily harm upon an inmate or staff.

The attack and assault on July 17, 1996, on the Plaintiff was so brutal and vicious. The weapon (master combination lock) used caused the Plaintiff to suffer head trama, lacerations, abrations, large knots, swelling, and lost of a lot of blood.

The attact and assault was of such magnitude, it caused the Plaintiff to hallucinate, believing he was back in Viet Nam. Thus, triggering P.T.S.D. symptoms which had layed dormant within the Plaintiff.

Subsequently, Plaintiff was placed in a psychiatric unit at Charlotte C.I., in Punta Gorda, Florida between July-Oct 1996. While there the Plaintiff suffered side-effects from the psyche-medication with a condition called PRIAPISM.

On July 10, 1996, Plaintiff informed defendants (Dr. Pimentel, K. Battaglia SLPN) of a painful erection. Plaintiff was given tylenol, told to return to his room and the doctor would see him later. Plaintiff never saw a doctor.

On July 11, 1996, Plaintiff saw Dr. Pimentel. Plaintiff was given tylenol and alcohol to rub on his penis for relief of this condition. If this fail, Plaintiff was instructed to see him on Monday. The alcohol burned the Plaintiff so bad he stop appling it to his penis.

(3-of-5)

On July 12, 1996, Plaintiff still was suffering from this condition. Plaintiff's pain had worsen. Other Inmates sought help for the Plaintiff. Defendant F.K. Cochran, RNS, wanting the defendant to try and masterbate, this was to painful. So the Plaintiff was given more tylenol with ice packs placed around his penis.

Later that day, Plaintiff was take to the main prison infirmary. Their Defendant C. Hluchaniuk, SRN, conspired with Defendant's Dr. Loeb and Dr. Marks. Their prolonged treatment for this condition lasted for hours and consisted of the following(ice pack place around the penis, warm soak in a tub of water, shot of valium, and nitro-paste applied to the dorsum of the penis). None of these treatment relieved the condition only made it worse.

Plaintiff, layed in bed for hours in pain and was informed the doctor will see me Monday. Plaintiff condition worsen, with a b/p of 200/100. A 911 call was placed, and Plaintiff was rush to Charlotte Regional Medical Center, who is a Defendant in this cause, providing extended health care services for the prison.

The defendant(Dr. Marc Melsser), an agent for the hospital did cause the Plaintiff to suffer unmercyfully. Defendant Melsser inflicted undue pain an and suffering upon the Plaintiff, because he lacked the expertise in treating PRIAPISM, thus the defendant Melsser botched two operation, causing the Plaintiff to be transfered to a hospital in Orlando for a third operation in four day. Now the Plaintiff is permanently IMPOTENT, . .

Plaintiff continues to suffer acute mental anguish and anxieties, because of Defendant's failure to take corrective measures which contributed to the unnecessary and wonton infliction of pain and suffering.

Plaintiff still suffers from headaches, nerve damage in his left hand, right wrist, and blurred vision in left eye. Plaintiff is still under psychiatric care and treatment. Plaintiff is fearful of sleeping in open areas, suffers bad nightmares of this vicious attack and assault. Plaintiff has been disfigured with a large horseshoe shape scare in his left temple area, and Plaintiff's penis has been disfigured having endured three operations in the same areas.